**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

THE OVERSIGHT PROJECT,
211 North Union Street
Alexandria, VA 22314

and

MIKE HOWELL,
2033 K Street NW, Ste 250
Washington, DC 20006

*Plaintiffs,*

v.

Case No. 26-cv-3953

U.S. DEPARTMENT OF HOMELAND SECURITY
2707 Martin Luther King Jr. Ave SE
Washington, DC 20032

*Defendant.*

**COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs THE OVERSIGHT PROJECT and MIKE HOWELL (collectively, "Plaintiffs"), proceeding here against Defendant U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS" or the "Department"), allege in this Complaint, based on Plaintiffs' knowledge as well as on information and belief, as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of records from the Department regarding the total number of illegal aliens removed by the Department and the total number of illegal aliens who voluntarily departed the United States.

2. Plaintiffs requested the records at issue in this proceeding from the Department on September 18, 2026. To date, Plaintiffs have received only an acknowledgment of their requests, conditional fee waivers, and a transfer letter. DHS's failure to respond timely is a violation of FOIA.

**PARTIES**

3. Plaintiff The Oversight Project is a nonpartisan public policy organization based in Wyoming with offices in Alexandria, VA and Washington, D.C. that works to expose and root out corruption in government, among elected officials, and in the most influential organizations—all to ensure power resides with the American people. The Oversight Project is a not-for-profit section 501(c)(4) organization that engages in substantial dissemination of information to the public. The Oversight Project is an initiative aimed at obtaining information via FOIA requests and other means to best inform the public. The Oversight Project provides information to Congress for the purposes of congressional oversight. The Oversight Project and Plaintiff Mike Howell's journalistic work is published most frequently on X (formerly known as Twitter) to provide information directly to the American people. Significant findings are also posted on The Oversight Project's website. That website contains a searchable archive of records obtained by The Oversight Project in the "Doc Depot" and serves a journalistic purpose. The "Doc Depot" is a bespoke technological solution developed by technical experts at The Oversight Project to facilitate fully searchable public access to FOIA'd records. Staff for The Oversight Project routinely appear on television, radio, print, and other forms of media to provide expert commentary on salient issues in the national public discourse.

4. Plaintiff Howell leads The Oversight Project as the organization's President. He is also a contributor to *The Blaze*.

5. Defendant DHS is an “agency” within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, or control of the records that Plaintiffs seek. DHS is located at 2707 Martin Luther King Jr. Ave SE, Washington, D.C. 20032.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia, and pursuant to 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because the agency records are situated in the District of Columbia.

**PLAINTIFFS’ FOIA REQUESTS**

8. Plaintiffs submitted three requests (collectively “Requests”) to Defendant on September 18, 2026.

9. The first request, addressed to DHS’ Privacy Office, sought:

- records sufficient to show the number of aliens that have self-deported via the CBP Home mobile application from May 1 through September 16, 2026; and
- records sufficient to show the amount of money the Department of Homeland Security has spent in “stipends” and/or “exit bonuses” to aliens who have self-deported using the CBP Home mobile application from May 1 through September 16, 2026.

Plaintiffs’ FOIA Request, No. 2026-HQFO-03938 (“DHS Self-Deportation Request”) (Ex. 1).

10. The second and third requests, one addressed to the Department’s Privacy Office and the other addressed to DHS subcomponent Immigration and Customs Enforcement (“ICE”), sought the number of removals for seven categories for the months of May, June, July, and August

2026. *See* Plaintiffs' FOIA Request, No. 2026-HQFO-03939 ("DHS Categorical Request") (Ex. 2); Plaintiffs' FOIA Request, No. 2026-ICFO-41776 ("ICE Categorical Request") (Ex. 3).

11. The Requests sought a fee waiver based on The Oversight Project's status as a non-profit organization able to broadly disseminate information that is likely to contribute significantly to the public's understanding of the operations or activities of government. *See* Requests at 4–6.

12. The DHS Self-Deportation Request was acknowledged by electronic mail on September 18, 2026. Plaintiffs' request for a fee waiver was "conditionally granted." Electronic Acknowledgment Letter from DHS (Ex. 4).

13. The DHS Categorical Request was acknowledged by electronic mail on September 18, 2026. Plaintiffs' request for a fee waiver was "conditionally granted." Electronic Acknowledgment Letter from DHS (Ex. 5).

14. The ICE Categorical Request was acknowledged by electronic mail on September 26, 2026. Plaintiffs' request for a fee waiver was acknowledged, but ICE made no determination on the fee waiver request. ICE invoked "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B), which permits an agency to extend its response date by an additional ten working days. Electronic Acknowledgment Letter from ICE (Ex. 6).

15. The DHS Categorical Request was transferred to ICE on October 23, 2026. Transfer Letter from DHS (Ex. 7).

16. Plaintiffs have not received any other communications since the Transfer Letter.

17. Defendant DHS has not made determinations on the Requests.

18. Defendant has not made determinations on Plaintiffs' fee waiver requests.

19. It is unknown whether Defendant has invoked "unusual circumstances" for the DHS Self-Deportation Request.

20. Twenty working days from September 18, 2026 is October 19, 2026.

21. Thirty working days from September 18, 2026 is November 2, 2026.

22. This Complaint, being filed on November 9, 2026, is therefore ripe and appropriate as Plaintiffs have constructively exhausted their administrative remedies.

## FIRST CLAIM FOR RELIEF
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

23. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

24. FOIA requires all doubts to be resolved in favor of disclosure.

25. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

26. Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

27. Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Requests.

28. Defendant's failure to conduct searches for responsive records violates FOIA and DHS regulations.

29. Plaintiffs have a statutory right to the information they seek.

30. Defendant is in violation of FOIA.

31. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carry out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

32. Plaintiffs have no adequate remedy at law.

33. Plaintiffs have constructively exhausted their administrative remedies.

## SECOND CLAIM FOR RELIEF
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

34. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

35. FOIA requires all doubts to be resolved in favor of disclosure.

36. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

37. Defendant is subject to FOIA and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

38. Defendant is wrongfully withholding non-exempt records requested by Oversight Project and Mr. Howell by failing to produce any records responsive to Plaintiffs' FOIA Requests.

39. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Requests.

40. Defendant's failure to provide all non-exempt responsive records violates FOIA and DHS regulations.

41. Plaintiffs have a statutory right to the information they seek.

42. Defendant is in violation of FOIA.

43. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and which is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and

publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

44. Plaintiffs have no adequate remedy at law.

45. Plaintiffs have constructively exhausted their administrative remedies.

**THIRD CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Fee Waiver**

46. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

47. FOIA requires all doubts to be resolved in favor of disclosure.

48. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

49. Defendant has constructively denied Plaintiffs' applications for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 6 C.F.R. § 5.11(k).

50. The Requests do not have a commercial purpose because The Oversight Project is a 501(c)(4) nonprofit, Howell acts in his capacity as an Oversight Project employee, and release of the information sought does not further Plaintiffs' commercial interest.

51. Plaintiffs are representatives of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via The Oversight Project website, the Doc Depot, individual and organization social media accounts, and active collaboration with traditional and nontraditional media outlets. 5 U.S.C. § 552(a)(4)(A)(ii).

52. Disclosure of the information sought by the Requests also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

53. Defendant has "failed to comply with a[] time limit under paragraph (6)" as to the Requests. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

54. Plaintiffs have a statutory right to a fee waiver.

55. Defendant is in violation of FOIA by denying a fee waiver.

56. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

57. Plaintiffs have no adequate remedy at law.

58. Plaintiffs have constructively exhausted their administrative remedies.

**FOURTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Statutory Bar Against Charging Fees**

59. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

60. FOIA requires all doubts to be resolved in favor of disclosure.

61. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

62. The Requests do not have a commercial purpose because The Oversight Project is a 501(c)(4) nonprofit, Howell acts in his capacity as an Oversight Project employee, and release of the information sought does not further Plaintiffs' commercial interest.

63. Plaintiffs are representatives of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via The Oversight Project website,

the Doc Depot, individual and organization social media accounts, and active collaboration with traditional and nontraditional media outlets. 5 U.S.C. § 552(a)(4)(A)(ii).

64. Disclosure of the information sought by the Requests also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

65. Defendant has "failed to comply with a[] time limit under paragraph (6)" as to the Requests. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

66. Defendant is currently statutorily barred from charging fees related to Plaintiffs' FOIA Requests. Therefore, Plaintiffs have a statutory right to have their requests processed without being charged any fees.

67. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

68. Plaintiffs have no adequate remedy at law.

69. Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE**, based on the foregoing, Plaintiffs pray that this Court:

A. Declare unlawful Defendant's failure to disclose requested records;

B. Declare Defendant's failure to make determinations on Plaintiffs' FOIA Requests within the statutory time frame violates FOIA;

C. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Requests;

D. Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records

responsive to Plaintiffs' FOIA Requests and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

E. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Requests;

F. Retain jurisdiction over this matter as appropriate;

G. Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

H. Grant such other and further relief as this Court may deem just and proper.

Dated: November 9, 2026

Respectfully submitted,

/s/ Eric Neal Cornett
Eric Neal Cornett (No. 1660201)
Jeffrey Bossert Clark, Sr. (No. 455315)
211 N. Union Street
Alexandria, VA 22314
Telephone: (606) 275-0978
Email: Neal@itsyourgov.org

*Counsel for Plaintiffs*